Bruce and Barbara
KIRKBRIDE, Plaintiffs,

v.

CONTINENTAL CASUALTY CO., et
al., Defendants.

Ray WONG, Plaintiff,

v.

AMERICAN CASUALTY CO., et
al., Defendants.

AMERICAN CASUALTY CO. and Conti-
nental Casualty Co., Cross– and Coun-
ter–Complainants, and Third Party
Plaintiffs,

v.

David L. BUTLER, et al., Cross–,
Counter– and Third Party
Defendants.

No. C–88–2932 JPV.

United States District Court,
N.D. California.

Oct. 4, 1988.

Susan Illston, Cotchett & Illston, Burlin-
game, Cal., for counter-defendants Bruce
and Barbara Kirkbride.

David C. Jones, Cooley, Godward, Castro,
Huddleson & Tatum, San Francisco, Cal.,
for third party defendant FSLIC.

Gary R. Selvin, Moore, Clifford, Wolfe,
Larson & Trutner, Oakland, Cal., for cross-
and counter-complainants, and third party
plaintiffs American Cas. Co. of Reading,
Pa. and Continental Cas. Co.

Jeffrey N. Haney and Brian W. Walsh, Bishop, Barry, Howe, Haney & Ryder, San Francisco, Cal., for cross-defendant Commercial Union Ins. Co.

Patrick J. Richard and Robin L. Harris, Severson, Werson, Burke & Melchior, San Francisco, Cal., for cross-defendant Fred S. James & Co.

Reed R. Kathrein, Law Offices of David Gold, San Francisco, Cal., for counter-defendant Ray Wong.

## MEMORANDUM OF OPINION AND ORDER REMANDING CASE TO STATE COURT

VUKASIN, District Judge.

## I. INTRODUCTION

Third party defendant Federal Savings and Loan Insurance Corporation ("FSLIC") removed this case to this Court pursuant to 12 U.S.C. § 1730(k)(1)(C). The Kirkbrides and Wong, plaintiffs and counter-defendants ("plaintiffs"), moved this Court to remand. This Court remands the action because 1) it is not clear that the FSLIC was named in its corporate capacity, and 2) this case involves important matters of state interest, including issues of first impression.

## II. FACTS

This matter is one of several actions arising from the insolvency of Bell Savings and Loan Association ("Bell"). Following Bell's collapse, the FSLIC was appointed receiver, and several groups, including Bell shareholders, brought class action lawsuits against, *inter alia,* Bell's directors and officers for losses resulting from mismanagement. In November 1987, as a result of a consent judgment entered in two of the class actions, six former Bell officials were ordered to pay plaintiffs $22,000,000.*

The Bell officials were insured under directors-and-officers liability policies carried by American Casualty Company of Reading, PA and Continental Casualty Company (collectively referred to as "CNA"). Subse-

quent to the consent judgment, the insured officials assigned certain rights under the policies to the plaintiffs, but CNA refused to pay the plaintiffs' claims. As a result, plaintiffs filed actions against CNA for breach of contract, tortious breach of the covenant of good faith and fair dealing, violations of the California Insurance Code, and declaratory relief as to coverage available under the directors-and-officers liability policy. The cases were consolidated in San Mateo Superior Court in late 1987.

In June 1988, months after answering plaintiffs' complaints, but before a trial date had been set, CNA filed counter-, cross-, and third party complaints for declaratory relief against the plaintiffs, select co-defendants, and the FSLIC, respectively. The FSLIC promptly removed the action to this Court pursuant to 12 U.S.C. § 1730(k)(1)(C).

On September 15, 1988, this Court ruled from the bench and granted plaintiffs' motion to remand. The following findings of fact and conclusions of law embody the Court's ruling from the bench as well as a review of the evidence presented.

## III. DISCUSSION

*A. As Receiver, the FSLIC May Not Remove Under 12 U.S.C. § 1730(k)(1)(C).*

Section 1730(k)(1)(C) states that when the FSLIC is named in its corporate capacity as a party to a civil suit, that action will be deemed to arise under federal law and the FSLIC may remove to the federal district courts. 12 U.S.C.A. § 1730 (West 1980 & Supp.1988). However, a proviso of § 1730(k)(1)(C) states that any action to which the FSLIC is a party in its capacity as "conservator, receiver, or other legal custodian of an insured State-chartered institution and which involves only the rights or obligations of investors, creditors, stockholders" shall *not* be deemed to arise under federal law. *Id.* Consequent-

---

* *Kirkbride, et al. v. Arthur Andersen & Co., et al.,* No. 302185, and *Wong v. Butler et al.,* No. 296475 (San Mateo Cty.Super.Ct.1987).

ly, removal would not be appropriate in such a situation.

Under 28 U.S.C. § 1447(c), if it appears that any removal was improvident and without jurisdiction, the district court *shall* remand. 28 U.S.C.A. § 1447 (West 1973).

CNA names the FSLIC as a third party defendant, designating it only as "an instrumentality" of the federal government. CNA does not specify whether the complaint is against the FSLIC in its capacity as Bell's receiver or as a corporate entity. Although CNA acknowledges that the FSLIC succeeded to certain of Bell's rights as receiver, it contends that other assets and liabilities were only "purportedly" transferred to the FSLIC in its corporate capacity.

The parties did not resolve before this Court under what guise the FSLIC was named as party to the action. Rather, it was apparent that the FSLIC's identity was an important issue in the underlying state court proceedings.

It is this Court's understanding that the FSLIC, as a corporate entity, is currently involved in yet another Bell-related action pending in the Northern District of California (*Bell Savings v Butler, et al.*, No. C–85–3845 SC (N.D.Cal.)). That case, however, was brought by the FSLIC itself as plaintiff on behalf of Bell. Its role in that courtroom has no bearing on its standing for removal here as a defendant added by a third party complaint.

Furthermore, this Court's acceptance of jurisdiction over the FSLIC via § 1730(k)(1) in an earlier, similar action does not apply here.** In late 1987, CNA brought a declaratory relief action in this Court, naming many of the same parties as are involved in the case at hand, including the FSLIC. The Court accepted jurisdiction of that action pursuant to § 1730(k)(1) due to the FSLIC's presence. The action was later dismissed on abstention grounds. The Court's application of § 1730(k)(1) in that action was based on different circumstances than are present here. Subsections (A) and (B) of that statute state that anytime

the FSLIC is a party to a civil suit, that action will be deemed to have arisen under federal law, hence original jurisdiction is appropriate in a federal court. Subsection (C) allows the FSLIC to remove to federal court on those grounds, *provided* however that the FSLIC has not been named in the action in its role as receiver, conservator, or legal custodian. 28 U.S.C.A. § 1730 (West 1980 & Supp.1988).

Unlike the earlier action, the FSLIC is here now on removal, hence subsection (C), requiring identification of the FSLIC's role, applies. Because the FSLIC did not convince the Court that it was named under its corporate function, its removal via § 1730(k)(1)(C) is improvident and leaves this court without jurisdiction. Consequently, the action should be remanded.

### B. Abstention is Proper on Federalism Grounds.

■ Even assuming *arguendo* that the FSLIC removed this action properly in its corporate capacity, this court still finds that compelling interests of federalism necessitate remand of this case under the doctrine of abstention.

The doctrine of abstention developed as a self-imposed check on the potential of federal courts to interfere with state policy. H. Fink & M. Tushnet, Federal Jurisdiction: Policy and Practice 681 (1984). The doctrine presumes that the federal court has jurisdiction over a matter, however, the court chooses either not to exercise its jurisdiction or to postpone it. Abstention is not unlike other judicially created doctrines such as standing, ripeness, and political questions by which the federal courts may properly decline to hear a case. Indeed, abstention can be seen as part of a continual conflict between judges who would use the federal courts to the farthest extent their jurisdiction permits and those who would advocate a more restrained approach in keeping with values of comity and federalism. *Id.*

Often categorized, abstention is typically thought of in terms of a leading case which delineated the particular abstention

---

** *American Casualty Co. of Reading, PA v. Butler,*     *et al.,* No. C–87–5184 JPV (N.D.Cal. Jan. 1988)

grounds. For example, *Pullman* abstention, the most clearly established, allows a court to avoid deciding a federal constitutional question by remitting the case to state court where the case may be disposed of on a question of state law. C. Wright, Law of Federal Courts, § 52 at 303 (4th ed. 1983). One policy underlying *Pullman* is a proper respect for the state courts. Fink & Tushnet, *supra,* at 691 n. 2.

Abstention by a federal court is also appropriate whenever it is presented with difficult questions of state law or policy which have substantial public import, or when federal review of an issue in a case would be "disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *Colorado River Water Conservation District v. U.S.,* 424 U.S. 800, 814, 96 S.Ct. 1236, 1244–45, 47 L.Ed.2d 483 (1976), *citing Louisiana Power & Light Co. v. City of Thibodaux,* 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058 (1959) and *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943).

Among the issues raised by the plaintiffs in state court and consequently entangled in this action are important matters of state interest. These include a matter of first impression: whether a carrier of a directors-and-officers liability policy may deduct costs incurred in defending its insureds from proceeds of a policy which are to be made available to the insureds, their assignees, and injured claimants.

The courts and legislature of California have been traditionally and extensively involved in regulating insurance industry practices within the state's borders. A large body of state statutory and case law has arisen as a result of this commitment. It would be inappropriate for this Court to render an opinion on issues of such substantial state interest, particularly given this Court's consistent belief in the tenets of federalism. Abstention is therefore the discreet and proper course.

### C. Remand Upon Abstention is Appropriate in this Case.

Abstention by a federal court can be followed by dismissal of the complaint.

*See* Wright, *supra,* at 308. However, recent circuit court decisions have held that since a district court has the power to dismiss an action on grounds of abstention, it has the power to remand on the same grounds. *Corcoran v. Ardra Insurance Co., Ltd.,* 842 F.2d 31 (2nd Cir.1988). *See also, Naylor v. Case and McGrath, Inc.,* 585 F.2d 557 (2nd Cir.1978). The goals of abstention in *Burford* ("to avoid federal court interference with specialized ongoing state regulatory schemes") and *Colorado River* ("to promote conservation of judicial resources and comprehensive disposition of litigation") are, in situations where a case is already pending in state court, better realized by remand than by dismissal. *Corcoran,* 842 F.2d at 36. Remand accommodates "the values of economy, convenience, and comity," and avoids the delay resulting from dismissal which forces the parties to start over again in the state court where they originally brought suit. *Id.* *See also Naylor,* 585 F.2d at 565.

Whether the FSLIC removed properly or not under § 1730(k)(1), jurisdiction by federal courts under the statute is not exclusive. Here especially, where the case underlying this third party complaint is already pending in state court and was brought on state law claims involving issues of substantial state interest—including an important question of first impression—remand upon abstention is more appropriate and expedient than dismissal.

## IV. CONCLUSION

This Court remands this case due to the improvidence of the FSLIC removal pursuant to § 1730(k)(1)(C) and the resulting lack of jurisdiction, and on the grounds of abstention.

The plaintiffs also argue that CNA's counter-complaint failed certain procedural requirements of California Code of Civil Procedure § 428.50. Arguably, § 428.50 required CNA to obtain leave of court to file against the plaintiffs. Cal.Civ.Proc. Code § 428.50 (West Supp. 1988). Without second guessing the state courts on this

procedural argument, the Court notes in passing that if the filing was improper in the state court, then the FSLIC removed a nullity.

ACCORDINGLY, for the reasons set forth in this Memorandum of Opinion, IT IS HEREBY ORDERED that this case be remanded to state court.