**Bruce KIRKBRIDE and Barbara Kirkbride, et al., Plaintiffs,**

v.

**CONTINENTAL CASUALTY CO., et al., Defendants.**

**Ray WONG, Plaintiff,**

v.

**AMERICAN CASUALTY CO., et al., Defendants.**

**AMERICAN CASUALTY CO. and Continental Casualty Co., Cross– and Counter–Complainants, and 3rd Party Plaintiffs**

v.

**David L. BUTLER, et al., Cross–, Counter– and 3rd Party Defendants.**

**No. C–88–4400 JPV.**

United States District Court, N.D. California.

Feb. 6, 1989.

**430**

Susan Illston, Cotchett & Illston, Burlingame, Cal., for Bruce and Barbara Kirkbride.

David C. Jones, Cooley, Godward, Castro, Huddleson & Tatum, San Francisco, Cal., for FSLIC.

Gary R. Selvin, Moore, Clifford, Wolfe, Larson & Trutner, Oakland, Cal., for American Cas. Co. of Reading, Pa. and Continental Cas. Co.

Jeffrey N. Haney and Brian W. Walsh, Bishop, Barry, Howe, Haney & Ryder, San Francisco, Cal., for Commercial Union Ins. Co.

Patrick J. Richard and Robin L. Harris, Severson, Werson, Burke & Melchior, San Francisco, Cal., for Fred S. James & Co.

Reed R. Kathrein, Law Offices of David Gold, San Francisco, Cal., for Ray Wong.

## ORDER REMANDING CASE TO STATE COURT AND CERTIFYING MATTER FOR APPEAL

VUKASIN, District Judge.

### I. INTRODUCTION

Cross-defendants [1] Kirkbride and Wong seek remand of this action and recovery of costs under Rule 11 and/or 28 U.S.C. § 1927. Cross-defendants FSLIC vigorously opposes remand.

In a previously published opinion, *Kirkbride v. Continental Casualty Co.*, 696 F.Supp. 496 (N.D.Cal.1988), this court held: 1) the original cross-complaint which provides the basis for FSLIC's removal to this court did not clearly name the FSLIC as a party in its "corporate capacity" as required for removal jurisdiction pursuant to 12 U.S.C. § 1730(k)(1)(C) and; 2) even if the court has jurisdiction under § 1730, this case involves important matters of state interest, including matters of first impression, such that compelling interests of federalism necessitate remand under the abstention doctrine. Accordingly, the court remanded the action to state court.

Subsequent to the court's aforementioned opinion, cross-complainants American Casualty Co. and Continental Casualty Co. amended their cross-complaint by spe-

---

1. For convenience, state court terminology instead of federal practice terminology is applied in this order.

cifically naming the FSLIC in its "corporate capacity." The FSLIC promptly removed in a second attempt at federal jurisdiction. In the event that this court again orders the case remanded, the FSLIC requests that the court either certify the matter for immediate appeal or allow it to seek extraordinary relief from the Court of Appeal before issuing a remand order.

## II. BACKGROUND

This matter is one of several actions arising from the insolvency of Bell Savings and Loan ("Bell"). Following Bell's collapse, the FSLIC was appointed receiver, and several groups, including Bell shareholders Kirkbride and Wong, brought class action lawsuits in state court against, *inter alia,* Bell's directors and officers for losses resulting from mismanagement. In November 1987, as a result of a consent judgment entered in two of the class actions (Kirkbride and Wong), former Bell officials were ordered to pay plaintiffs $22,000,000.[2]

The Bell officials were insured under directors-and-officers liability policies carried by American Casualty Co. of Reading, PA and Continental Casualty Co. (collectively referred to as "CNA"). Subsequent to the consent judgment, the insured officials assigned certain rights under the policies to the plaintiffs. But, CNA refused to pay the plaintiffs claims. As a result, plaintiffs filed state court actions against CNA for breach of contract, tortious breach of the covenant of good faith and fair dealing, violations of the California Insurance Code, and declaratory relief as to the coverage available under the insurance policies. The cases were consolidated in San Mateo Superior Court in late 1987.

In June, 1988, months after answering plaintiffs' complaints, but before a trial date had been set, CNA filed counter-, cross-, and third party complaints ("cross-complaint") for declaratory relief against the plaintiffs, select co-defendants, and the FSLIC. The FSLIC promptly removed the action to this court pursuant to 12 U.S.C.

§ 1730(k)(1)(C). As mentioned in the introduction, this court remanded, cross-complainants amended their cross-complaint, and the FSLIC removed again.

## III. DISCUSSION

### A. FSLIC IS A PARTY IN ITS CORPORATE CAPACITY; THEREFORE REMOVAL WAS APPROPRIATE PURSUANT TO 12 U.S.C. § 1730(k)(1).

The court first considers whether the federal courts have jurisdiction over the subject matter of the amended cross-complaint. 12 U.S.C. § 1730(k)(1)(C) provides that when FSLIC is named in its "corporate capacity" as a party to a civil suit, that action will be deemed to arise under federal law and the FSLIC may remove to federal district court. However, a proviso of Section 1730(k)(1)(C) limits this jurisdiction. Any action to which the FSLIC is a party in its capacity as "conservator, receiver, or other legal custodian of an insured state-chartered institution and which involves only the rights or obligations of investors, creditors, stockholders" shall *not* be deemed to arise under federal law. Consequently, federal subject matter jurisdiction would not be appropriate in such a situation.

Furthermore, under 28 U.S.C. § 1447(c), if it appears that any removal was improvident and without jurisdiction, the district court *shall* remand.

Therefore, if CNA defendants amended cross-complaint is construed as an attempt to state a claim agaisnt FSLIC as receiver of Bell Savings rather than as a corporate instrumentality, federal subject matter jurisdiction would not be present.

In CNA's original cross-complaint previously remanded by this court, FSLIC was designated only as "an instrumentality" of the federal government. CNA did not clearly specify whether the cross-complaint was against FSLIC in capacity as a receiver or as a corporate entity.

---

**2.** *Kirkbride, et al. v. Arthur Anderson & Co., et al.,* No. 302185, and *Wong v. Butler et al.,* No. 296475 (San Mateo Cty.Super.Ct.1987).

Rule 9(a) requires that a pleader must allege, to the extent necessary to comply with Rule 8(a)(1), the capacity of a litigant in the complaint when it is relevant to the question of the court's jurisdiction. "Thus, when jurisdiction is founded on the presence of a federal question, the claimant must allege those facts relevant to capacity that are needed to show the existence of a federal claim." 5 Wright & Miller, Federal Practice and Procedure, § 1283 at pp. 391–392 (1969).

■ Whereas the original complaint designated FSLIC only as an "instrumentality," paragraph 11 of the amended cross-complaint now names FSLIC as a cross-defendant solely in its corporate capacity.[3] But, mere designation of corporate capacity is not sufficient to invoke the court's jurisdiction.

■ Paragraph 37 of the CNA defendants' amended cross-complaint alleges facts relevant to FSLIC's metamorphosis from receiver to corporate instrumentality in this matter.[4] Given the proper designation in the cross-complaint and the relevant facts sufficiently alleged, this court is now convinced that FSLIC is named in its corporate function based on its *ownership* of assets rather than its capacity as receiver. See *Fed. Deposit Ins. Corp. v. Braemoor Assoc.*, 686 F.2d 550, 552 (7th Cir.1982). In this situation, the allegations and averments of the cross-complaint are "fundamentally important" in determining FSLIC's capacity. *York Bank & Trust v. Fed. Sav. & Loan Ins.*, 851 F.2d 637, 638–639 (3rd Cir.1988).

Although this court finds that the amended cross-complaint now states with sufficient precision that the CNA defendants sued the FSLIC in its corporate capacity, this matter raises some of the same

concerns noted by Judge Posner in *Braemoor, supra*. In *Braemoor*, which presents a situation similar to this matter, Judge Posner was concerned with the possibility that the FDIC and defendants were "colluding to confer jurisdiction on the federal courts in contravention of the limitations" on jurisdiction based on FDIC's "capacity." *Braemoor, supra*, at 553. In this matter, FSLIC and the CNA defendants could be colluding to confer jurisdiction on the federal courts in contravention of the limitation set forth in § 1730(k)(1)(C). And to this end, the jurisdictional allegations could be a lie. *Id.* But, this court ultimately agrees with Judge Posner that its "obligation to police the limitations on [its] jurisdiction does not require an investigation into such a hypothesis." *Id.* Therefore, this court has jurisdiction over the matter pursuant to § 1730(k)(1)(C).

## B. WHETHER CNA'S CROSS-COMPLAINT SHOULD BE REMANDED ON FEDERAL ABSTENTION GROUNDS.

■ This court's previous ruling remanding the original cross-complaint stated that "Even assuming *arguendo* that the FSLIC removed this action properly in its corporate capacity, this court still finds that compelling interests of federalism necessitate remand of the case under the doctrine of abstention." *Kirkbride v. Continental Casualty Co.*, 696 F.Supp. 496, 498 (N.D. Cal.1988). This conclusion still applies to FSLIC's latest attempt at removal based on the amended cross-complaint.

Significantly, none of the issues raised in the cross-complaint will be decided under federal law. The only questions to be decided relate to California insurance law, which is uniquely subject to state regulation and interpretation. Moreover, the

**3.** Paragraph 11 of the amended cross-complaint states: "Cross-defendant Federal Savings and Loan Insurance Corp. ("FSLIC")" is an instrumentality of the federal government organized and existing under 12 U.S.C. §§ 1725 *et seq.* FSLIC is named a cross-defendant herein solely in its capacity as corporate instrumentality of the United States.

**4.** Paragraph 37 of the amended cross-complaint states: "As a Receiver, FSLIC took possession of Bell Savings and succeeded to certain of its rights, obligations, and powers. The receiver thereupon transferred ... substantially all of the assets and liabilities that were expressly reserved by FSLIC as Receiver. Those assets and liabilities were then transferred to FSLIC in its capacity as corporate instrumentality of the United States."

state court action raises an important question of first impression under California law—whether and to what extent the provisions of the directors' and officers' liability policy which purport to make it "self-consuming" [5] are void and unenforceable. Accordingly, California state court is a more appropriate forum for this declaratory relief action.

Remand is therefore appropriate in this case because it will accommodate "the values of economy, convenience, and comity." *Corcoran v. Arda Insurance Co. Ltd.*, 842 F.2d 31, 36 (2d Cir.1988). As a result, based on the legal reasoning more fully explained in *Kirkbride, supra* and the reasons cited herein, this court abstains from exercising jurisdiction over the matter and orders the case remanded to state court.

## C. COSTS.

■ Cross-defendants Kirkbride and Wong seek costs under Rule 11 and/or 28 U.S.C. § 1927 from FSLIC and its attorneys. The motion for costs is denied because FSLIC's capacity in the action is an important question that had not previously been settled. Additionally, resolution of the jurisdictional question affects the availability of appellate review. Therefore, FSLIC's latest attempt to obtain federal jurisdiction is not unreasonable.

## D. CERTIFICATION FOR INTERLOCUTORY APPEAL.

28 U.S.C. § 1292(b) makes appealable certain interlocutory orders, not otherwise appealable as of right under § 1292(a). Having made an interlocutory order for remand on grounds of federal abstention, this court certifies that the order involves "a controlling question of law as to which there is substantial ground for difference of opinion and that immediate appeal from the order may materially advance the ultimate termination of the litigation." § 1292(b).

The doctrine of remand on abstention grounds has been followed in the Second Circuit. See *Corcoran v. Arda Insurance Co. Ltd.*, 842 F.2d 31 (2d Cir.1988) (if a district court has the power to dismiss an action on grounds of abstention, then it has the power to remand to the state court on those grounds). However, the Seventh Circuit, in a case of constitutional dimensions, has essentially rejected federal abstention as grounds for remand. *See Ryan v. State Bd. of Elections*, 661 F.2d 1130 (7th Cir. 1981). This court believes remand on abstention grounds to be a novel issue in the Ninth Circuit. Moreover, application of the abstention doctrine to a matter involving the FSLIC relates to the Ninth Circuit's recent interpretation of 12 U.S.C. § 1730(k)(1) in *FSLIC v. Frumenti Development*, 857 F.2d 665, 668 (9th Cir.1988) (the Ninth Circuit *in dicta* stated that in § 1730(k)(1) "Congress provided FSLIC with broad access to the federal courts for conducting litigation").

At stake here is whether important federalism concerns outweigh a federal agency's statutory grant to litigate in a federal forum. Given that jurists may differ on this issue and that a determination of whether the case may proceed in federal court may materially advance the litigation, this court certifies the matter for appeal.

Therefore, the court of appeals, in its discretion, may permit an appeal taken from this order, if an application is made to it within ten days after the entry of this order. § 1292(b). Rule 5 governs the procedure for seeking the permission of the court of appeals to take an interlocutory appeal pursuant to § 1292(b).

IT IS SO ORDERED.

---

**5.** i.e., The provisions of the insurance policy which purport to deduct from the available insurance proceeds the amount spent on defense of the insureds, including attorneys' fees.