Bruce **KIRKBRIDE**; Barbara Kirkbride; Ray Wong; Plaintiffs–Appellees,

v.

**CONTINENTAL CASUALTY COMPANY**, et al., Defendants–Appellees,

**Federal Deposit Insurance Corporation, as Manager of the FSLIC Resolution Fund, Defendant–Appellant.**

No. 90–15490.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 10, 1990.

Decided May 13, 1991.

Eugene J. Comey and Robert F. Schiff, Tuttle & Taylor, Washington, D.C., for defendant-appellant Federal Deposit Ins. Corp.

David B. Gold, Paul F. Bennett, Reed R. Kathrein, and Christopher T. Heffelfinger, Law Offices of David B. Gold, San Francisco, Cal., for plaintiff-appellee Ray Wong.

Joseph W. Cotchett, Susan Illston, Allan Steyer, and Nancy Fineman, Cotchett & Illston, Burlingame, Cal., for plaintiffs-appellees Bruce Kirkbride and Barbara Kirkbride.

Cathy A. Simon, Peter G. Thompson, and Susan E. Fleishman, Ross, Dixon & Masback, Washington, D.C., and Gary R. Selvin, Larson, Burnham & Trutner, Oakland, Cal., for defendants-appellees American Cas. Co. of Reading, Pa., and Continental Cas. Co.

Before SKOPIL and KOZINSKI, Circuit Judges, and SINGLETON, District Judge.[*]

SKOPIL, Circuit Judge:

The Federal Deposit Insurance Corporation ("FDIC") appeals the district court's order remanding this case to state court. FDIC had removed the action to federal court after replacing the Federal Savings and Loan Insurance Corporation ("FSLIC") as a third-party defendant. The district court remanded to state court on the grounds that FDIC, as successor to the interests of FSLIC, was bound by two prior remand orders, and alternatively that remand was justified on abstention grounds. We reverse and remand to the district court for further proceedings.

## FACTS AND PRIOR PROCEEDINGS

Plaintiffs/appellees Bruce and Barbara Kirkbride and Ray Wong, former shareholders of Bell National Corporation ("Bell"), obtained a $22 million judgment against six of Bell's corporate officers and directors in November, 1987. The officers and directors were insured by defen-

---

[*] The Honorable James K. Singleton, United States District Judge for the District of Alaska, sitting by designation.

dant/appellee Continental Casualty Insurance Corporation ("Continental Casualty"). Following entry of judgment, the officers and directors transferred and assigned their interests in the insurance policy to the former shareholders who thereafter filed this action in state court against Continental Casualty.

Continental Casualty filed a cross-complaint for declaratory relief and indemnity against FSLIC, which had been appointed by the Federal Home Loan Bank Board as a receiver for the insolvent Bell Savings and Loan Association (a Bell subsidiary). FSLIC twice removed the case to the United States District Court for the Northern District of California. The court in both instances remanded to state court. *See Kirkbride v. Continental Casualty Co.,* 696 F.Supp. 496, 498–99 (N.D.Cal.1988) (remanded because it was unclear whether FSLIC had been named in its corporate capacity, and, alternatively, on abstention grounds); *Kirkbride v. Continental Casualty Co.,* 707 F.Supp. 429, 432–33 (N.D.Cal. 1989) (remanded solely on abstention ground after it was clear that FSLIC was named in its corporate capacity). We denied FSLIC's applications for an interlocutory review and a writ of mandamus. *See FSLIC v. Butler,* No. 89–80074 (9th Cir. 1989) (unpublished orders).

During the course of this litigation in state court, Congress enacted the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, Pub.L. 101–73, 103 Stat. 183 (1989) ("FIRREA"), codified at various sections of Title 12 and Title 15. FIRREA abolished FSLIC and provided that FDIC be substituted for FSLIC in all pending litigation. FIRREA, §§ 401(a)(1), (f)(2), reprinted at 12 U.S.C.A. § 1437 (repealed) (Historical and Statutory Notes) (West Supp.1991). Relying on section 209(b)(2)(B) of FIRREA, 12 U.S.C.A. § 1819(b)(2)(B) (West 1989), FDIC removed

the case to federal court. The district court remanded to state court. FDIC timely appeals pursuant to FIRREA, § 209(b)(2)(C), 12 U.S.C.A. § 1819(b)(2)(C) (West 1989) (granting FDIC a right to "appeal any order of remand entered by any United States district court").

## DISCUSSION

■ There is no dispute that FIRREA's jurisdictional provisions apply to cases pending on the date of its enactment. *See, e.g., FDIC v. 232, Inc.,* 920 F.2d 815, 818–19 (11th Cir.1991); *Demars v. First Service Bank for Savings,* 907 F.2d 1237, 1239–40 (1st Cir.1990). The Act provides, subject to one exception not applicable here, that "all suits of a civil nature ... to which the [FDIC] ... is a party shall be deemed to arise under the laws of the United States." 12 U.S.C.A. § 1819(b)(2)(A). The Act further provides that FDIC may "remove any action, suit, or proceeding from a State court to the appropriate United States district court." 12 U.S.C.A. § 1819(b)(2)(B). FDIC argues that, pursuant to these provisions, it has a right to litigate in federal court. We agree. These sections expand FDIC's removal powers and leave no doubt in our minds that the district court should have exercised its jurisdiction over the removed action.[1] *See Carrollton–Farmers Branch Indep. School Dist. v. Johnson & Cravens, 13911, Inc.,* 889 F.2d 571, 572 (5th Cir.1989) (FIRREA expands federal jurisdiction when FDIC is a party); *Triland Holdings & Co. v. Sunbelt Service Corp.,* 884 F.2d 205, 207 (5th Cir.1989) (FIRREA gives FDIC very broad removal powers; when FDIC is a party, the federal courts lack jurisdiction only in three narrow circumstances listed in statute). We reaffirm that the grant of subject matter jurisdiction contained in FDIC's removal statute evidences "Congress' desire that cases in-

---

**1.** Prior to FIRREA, FDIC was authorized to remove an action from state court, but was subject to "any procedure for removal now or hereafter in effect." 12 U.S.C. § 1819 (Fourth) (1988) (repealed 1989). FIRREA does not contain the same restriction but rather provides for removal of any action subject to three narrow exceptions not applicable here. 12 U.S.C.A.

§ 1819(b)(2)(D). Moreover, unlike the predecessor statute, FIRREA provides for direct appellate review of remand orders, 12 U.S.C.A. § 1819(b)(2)(C), thus allowing FDIC the first opportunity in this case to seek review of the district court's refusal to exercise its jurisdiction.

volving FDIC should generally be heard and decided by the federal courts." *FDIC v. Nichols*, 885 F.2d 633, 636 (9th Cir.1989) (internal quotation omitted).

Appellees nevertheless assert that the district court's decision to remand this case to state court should be affirmed. Specifically, appellees contend that the remand order can be justified on the grounds of (1) law of the case; (2) res judicata; (3) the prohibition against successive removals; (4) the timeliness of the removal petition; and (5) federal abstention. For the reasons stated below, we reject those contentions.

### 1. *Law of the Case*

"The law of the case doctrine is a judicial invention designed to aid in the efficient operation of court affairs." *Milgard Tempering, Inc. v. Selas Corp. of America*, 902 F.2d 703, 715 (9th Cir.1990). The doctrine precludes a trial court from "reconsidering an issue previously decided by the same court, or a higher court in the identical case." *Id.*

 The doctrine does not apply here. The district court was entitled to reconsider its position in light of FIRREA. *See Milgard Tempering*, 902 F.2d at 715 (court may reconsider a decision when "an intervening change in the law has occurred"). We also reject the argument that we are bound by our prior rejections of FSLIC's motions for interlocutory appeal or writ of mandamus. We specifically noted in rejecting those motions that we were not reviewing the merits of the order remanding the underlying action to state court. The law of the case doctrine precludes reconsideration only of issues actually decided. *See Liberty Mut. Ins. Co. v. EEOC*, 691 F.2d 438, 441 (9th Cir.1982).

### 2. *Res Judicata*

 Although the district court did not rely expressly on the doctrine of res judicata, the court did indicate that FDIC was bound by all prior decisions affecting FSLIC, including the remand orders. That determination is not entirely consistent with FIRREA, which provides that upon FDIC's substitution as a party, orders applicable to FSLIC "shall be enforceable by or against the [FDIC] until modified, terminated, set aside, or superseded in accordance with applicable law by ... any court of competent jurisdiction." FIRREA, § 401(h), reprinted at 12 U.S.C.A. § 1437 (repealed) (Historical and Statutory Notes) (West Supp.1991). That section suggests that Congress intended to allow FDIC to challenge any prior district court order. Moreover, even assuming that res judicata principles apply to this case, a relevant change of circumstances will justify reconsideration of a successive, good faith petition for removal. *Peabody v. Maud Van Cortland Hill Schrool Trust*, 892 F.2d 772, 776 (9th Cir.1989), *cert. denied*, — U.S. ——, 110 S.Ct. 3216, 110 L.Ed.2d 663 (1990). The enactment of FIRREA and the subsequent substitution of FDIC as a party constitute such a relevant change of circumstances.

### 3. *Successive Petitions*

We also reject the argument that FDIC violated any common law prohibition against successive removals. FDIC's removal petition was based on newly enacted legislation that gave FDIC different removal rights than its predecessor. *Compare* 12 U.S.C.A. § 1819(b)(2) (West 1989) *with* 12 U.S.C. § 1730(k)(1) (1988) (repealed 1989). "[A] defendant who fails in an attempt to remove on the initial pleadings can file a removal petition when subsequent pleadings or events reveal a *new* and *different* ground for removal." *FDIC v. Santiago Plaza*, 598 F.2d 634, 636 (1st Cir.1979) (emphasis in original). FDIC's removal petition does not violate any common law prohibition against successive removals.

### 4. *Untimely Petition*

The district court concluded that it "need not decide whether or not FDIC's removal was timely" because the court remanded on other grounds. Nevertheless, we examine this issue to determine whether it will provide us a basis to affirm. *See Golden Nugget, Inc. v. American Stock Exchange, Inc.*, 828 F.2d 586, 590 (9th Cir.1987) (court of appeals may affirm on any legal basis adequately supported in the record).

The contention here is that FDIC's notice of removal did not comply with the requirements of 28 U.S.C. § 1446(b) (1988), which governs the time period within which a notice of removal must be filed. Section 1446(b) provides that the "petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, a copy of the initial pleading...." Prior to FIRREA, the statute governing removals by FDIC provided that FDIC could remove cases "by following any procedure for removal now or hereafter in effect." 12 U.S.C. § 1819 (Fourth) (1988) (repealed in relevant part 1989). FIRREA's removal provisions omits that language and thus does not explicitly link FDIC's removal power to the general removal statute. 12 U.S.C.A. § 1819(b)(2)(B). FDIC argues that its removal was timely because "nothing in FIRREA expressly requires the FDIC to comply with each 'procedure for removal' identified in 28 U.S.C. § 1446." While FDIC's argument is technically correct, there is authority to suggest that "Congress drafted the FIRREA removal provisions to supplement, not supplant, the general removal statute" and that "removals by FDIC under FIRREA remain subject to the 30–day removal limitations period of section 1446(b)." *FDIC v. Norwood*, 726 F.Supp. 1073, 1075 (S.D.Tex. 1989). *See also MTech Corp. v. FDIC*, 729 F.Supp. 1134, 1136–37 (N.D.Tex.1990) (section 1446(b) continues to apply to post-FIRREA removals).

■ We do not need to decide whether the thirty day time limitation remains applicable to FDIC's post-FIRREA removals, because in this instance FDIC petitioned the district court to remove the case within thirty days after it was substituted for FSLIC. We reject the contention that the thirty day period began to run against FDIC on the date that FSLIC was appointed as receiver. FDIC was not a party at that time, was not participating in the litigation in any manner, and was without authority to petition the court until it was made a party. *Cf. Woburn Five Cents Savings Bank v. Hicks*, 930 F.2d 965, 968–

972 (1st Cir.1991) (thirty day period starts when FDIC is first appointed as receiver).

### 5. *Abstention*

The district court's decision to remand on abstention grounds presents us with a threshold question of whether remand to state court is ever appropriate on abstention grounds. As the district court properly recognized, remand on abstention grounds is a novel issue in this circuit. *Kirkbride*, 707 F.Supp. at 433. Remand on abstention grounds has been applied in the Second Circuit, *see Corcoran v. Ardra Ins. Co.*, 842 F.2d 31, 36 (2d Cir.1988), but rejected by the Seventh Circuit, *see Ryan v. State Bd. of Elections*, 661 F.2d 1130, 1134 (7th Cir.1981). Both of those cases were decided prior to FIRREA, however, and neither addresses the question of whether abstention is appropriate where Congress expressly directs that a party is authorized to "remove any action ... from state court." 12 U.S.C.A. § 1819(b)(2)(B).

In *Piekarski v. Home Owners Sav. Bank*, 743 F.Supp. 38, 42 (D.D.C.1990), the district court determined that FIRREA gave the Resolution Trust Corporation ("RTC") the "absolute right to remove to federal court." *Id.* The court concluded that it could not "remand a case properly removed to it for discretionary reasons not authorized by the controlling statute." *Id.* As it did in the statute governing RTC's removal power, Congress placed just one proviso, not applicable here, on FDIC's ability to remove cases. *See* 12 U.S.C.A. § 1819(b)(2)(D). We might therefore reasonably conclude that the district court lacked discretion to remand a properly removed case for reasons not specified in FIRREA. We do not rely on that ground, however, because we conclude that under traditional abstention analysis, the district court erred by failing to exercise its jurisdiction.

■ We review the district court's abstention ruling for an abuse of discretion. *See American Int'l Underwriters, Inc. v. Continental Ins. Co.*, 843 F.2d 1253, 1256 (9th Cir.1988). Such review in an absten-

tion context, however, "should not be confused with the broader abuse of discretion test used in other matters." *Id.* "[A]bstention from the exercise of federal jurisdiction is considered 'an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it.'" *Id.* (quoting *Colorado River Water Cons. Dist. v. United States,* 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976)). "In abstention cases the district court must exercise its discretion within the narrow and specific limits prescribed by the particular abstention doctrine invoked." *McIntyre v. McIntyre,* 771 F.2d 1316, 1319 (9th Cir.1985).

The district court here concluded that remand would accommodate the values of economy, convenience, and comity because "the only questions to be decided relate to California insurance law, which is uniquely subject to state regulation and interpretation." *Kirkbride,* 707 F.Supp. at 432–33. The court relied on *Colorado River,* 424 U.S. at 814, 96 S.Ct. at 1244, and *Burford v. Sun Oil, Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), to support its conclusion that abstention is appropriate. *See Kirkbride,* 696 F.Supp. at 499.

■ "*Colorado River* abstention is designed to promote wise judicial administration." *American Int'l Underwriters,* 843 F.2d at 1257 (internal quotation omitted). The doctrine is "available only 'in situations involving the *contemporaneous* exercise of concurrent jurisdictions, either by the federal courts or by state and federal courts.'" *[Federal Deposit Insurance Corporation v.] Nichols,* 885 F.2d 633 at 638 (9th Cir.1989) (quoting *Colorado River,* 424 U.S. at 817, 96 S.Ct. at 1246) (emphasis in original). The doctrine is inapplicable here because FDIC removed the entire case to federal court; therefore there was no concurrent or pending state court proceeding when the appellees moved for remand. *See id.; see also Piekarski,* 743 F.Supp. at 42 ("*Colorado River* is inapplicable. There is no concurrent state proceeding to which this Court can defer in the instant case. Instead, there is one case, which originally was in state court, but now has been prop-

erly removed to federal court."); *Allstate Ins. Co. v. Longwell,* 735 F.Supp. 1187, 1192 (S.D.N.Y.1990) (*Colorado River* abstention is not appropriate when case has been removed to federal court because "there is no longer anything pending in the state courts.").

*Burford* abstention is designed to protect "complex state administrative processes from undue federal interference." *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans,* 491 U.S. 350, 361, 109 S.Ct. 2506, 2514, 105 L.Ed.2d 298 (1989). Federal courts should "decline to interfere with the proceedings or orders of state administrative agencies ... where the exercise of federal review of the question ... would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *Id.* (internal quotation omitted). *Burford,* however, "does not require abstention whenever there exists such a process, or even in all cases where there is a potential for conflict with state regulatory law or policy." *Id.* 491 U.S. at 362, 109 S.Ct. at 2515 (internal quotation omitted). We have "been careful to avoid extending *Burford.*" *International Bhd. of Elec. Workers v. Public Serv. Comm'r,* 614 F.2d 206, 211 (9th Cir.1980). The fact that California has not established a specialized court system to resolve disputes over insurance policy coverage convinces us that application of the *Burford* doctrine to this case is unwarranted. *See id.; see also, Almodovar v. Reiner,* 832 F.2d 1138, 1141 (9th Cir.1987) (*Burford* abstention is inappropriate when "California has not established a specialized court system.").

■ Appellees argue finally that the district court's decision to abstain can be justified on the basis of the broader discretion afforded to trial courts to decline to exercise jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201 (1988). In *Transamerica Occidental Life Ins. v. Digregorio,* 811 F.2d 1249, 1253 (9th Cir. 1987), we reaffirmed our long-standing rule that a district court "has discretion to decline jurisdiction in favor of pending state court litigation when a party seeks to use

the Declaratory Judgment Act to deprive a plaintiff of his choice of forum or to encourage a race to judgment." *Id.* The rule does not apply here. FDIC did not file an action for declaratory relief in federal court during the pendency of the state action, but rather removed the action from state court.

We hold that the district court here erred by failing to exercise its jurisdiction. Accordingly, we reverse the district court's remand order and remand to the district court for further proceedings.

REVERSED and REMANDED.