978 F.2d 716
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Linda SCHER, Plaintiff-Appellant
v.
F.J. BLOOMINGDALE, aka: Francis Joseph Bloomingdale; Mary
Ellen Bloomingdale Defendants-Appellees.
 No. 91-55941.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 9, 1992.*
Decided Oct. 28, 1992.
 
 Before FARRIS, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Linda Scher appeals the district court's dismissal of her action alleging that Francis Joseph Bloomingdale and Mary Ellen Bloomingdale breached a contract for the sale of Scher's leasehold interest in property located in Mexico. We affirm in part, reverse in part, and remand.
 
 JURISDICTION
 
 3
 The district court had subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). We have jurisdiction over the timely appeal pursuant to 28 U.S.C. § 1291.
 
 ISSUES
 
 4
 (1) Whether the district court erred in dismissing Scher's action on grounds of comity to a foreign court when the proceeding before the foreign court was no longer pending at the time of the district court's dismissal.
 
 
 5
 (2) Whether the district court erred in dismissing count ten of Scher's complaint, alleging quiet title.
 
 DISCUSSION
 
 6
 1. The District Court's Dismissal Treated as Abstention
 
 
 7
 The district court held that "it should not exercise jurisdiction over this litigation." The court reasoned that the parties had previously chosen Mexico as the appropriate forum for the issues surrounding the property and that Mexican courts had invested judicial time in resolving the disputes between the parties. The court apparently concluded that it had subject matter jurisdiction, but declined to exercise it. The court's ruling is apparently a decision to abstain under Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976). Cf. United States v. Rubenstein, 971 F.2d 288, 294 (9th Cir.1992); Federal Deposit Ins. Corp. v. Nichols, 885 F.2d 633, 635 (9th Cir.1989).
 
 A. Colorado River Abstention
 
 8
 Federal courts have a "virtually unflagging obligation" to exercise the jurisdiction conferred upon them by the coordinate branches of government and duly invoked by litigants. Colorado River, 424 U.S. at 817; Tucker, 942 F.2d at 1407. A federal court may not abstain from its jurisdiction except in exceptional circumstances providing the clearest of justifications. Colorado River, 424 U.S. at 812, 819.
 
 
 9
 Colorado River deference to state court proceedings rests on considerations of "wise judicial administration" and "conservation of judicial resources." Id. at 817 (quoting Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183 (1952)). Several factors are relevant in deciding whether abstention under Colorado River is appropriate in a particular case. See, e.g., Tucker, 942 F.2d at 1408.
 
 
 10
 The Bloomingdales argue that "a careful balancing of the important factors," Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16 (1983), supports abstention. Scher disagrees, contending that her dismissal of the parallel action in Mexico precludes abstention. Even though it is likely to result in unprofitable litigation, Scher's argument has merit. Colorado River abstention is available only "in situations involving the contemporaneous exercise of concurrent jurisdictions...." Nichols, 885 F.2d at 638 (quoting Colorado River, 424 U.S. at 817) (emphasis added).
 
 
 11
 In Nichols, we held that it was an abuse of discretion for the district court to decline jurisdiction under the Colorado River doctrine when "there was no concurrent or pending state court proceeding when [defendant] moved for dismissal or when the district judge declined to act." Id. Here, as in Nichols, the Mexican litigation was no longer pending. Scher's dismissal of the Mexican litigation defeats Colorado River abstention. Id.; Kirkbride v. Continental Casualty Co., 933 F.2d 729, 734 (9th Cir.1991) (finding Colorado River doctrine inapplicable because there was no concurrent or pending state court proceeding after case was removed to federal court); Crawley v. Hamilton County Comm'rs, 744 F.2d 28, 31 (6th Cir.1984) ("A necessary requirement for application of this Colorado River doctrine, however, is the presence of a parallel, state proceeding.... The issue is whether [the foreign proceeding], as it currently exists, is a parallel ... proceeding.") (emphasis in original). We are therefore compelled to find that it was an abuse of discretion to decline jurisdiction under the Colorado River doctrine.
 
 2. Proper Venue
 A. The Forum Selection Clause
 
 12
 The Bloomingdales argue that the forum selection clause in the parties' contract provides an alternate ground to affirm the district court's order of dismissal. This argument is misplaced. The forum selection clause provides:
 
 
 13
 Section 4.02 Should Assignor [Scher] default in the performance of this Agreement, both Assignee [Bloomingdales] and Assignor agree that Assignee may enforce this Agreement in the Republic of Mexico under the law of that country or seek damages pursuant to the law of the State of California, in the State of California, or both, as Assignee may choose, in the event of such default. (emphasis added)
 
 
 14
 As the district court correctly found, the clause is silent on Scher's choice of forum. This provision applies only in the event of a default by Scher and a lawsuit brought by the Bloomingdales. It has no application to this litigation and therefore provides no basis for dismissal of Scher's action.
 
 B. The Quiet Title Count
 
 15
 The Bloomingdales argue that the location of the property in Mexico prevented the district court from taking jurisdiction. Their argument is persuasive as to count ten which alleges a quiet title count. An action to quiet title is a classic example of an action that is local in nature. Livingston v. Jefferson, F.Cas. No. 8411 (CC Va. 1811); Sherrill v. McShan, 356 F.2d 607, 610-11 (9th Cir.1966). The district court lacks jurisdiction to issue a decree to any party quieting title to any property lying outside the State of California. Id. The dismissal of count ten is therefore affirmed.
 
 
 16
 The district court's order of dismissal as to count ten is AFFIRMED. We REMAND for the exercise of jurisdiction on the breach of contract action, even though we recognize the difficult evidentiary burden that the plaintiffs must carry.
 
 
 17
 AFFIRMED in PART. REMANDED. Each side shall bear its own costs.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3