Carlo A. **CIOFFI** and Remington Development Group, Inc., Plaintiffs,

v.

**FEDERAL DEPOSIT INSURANCE COR-PORATION,** Recoll Management Corporation, William Woodward Remington–Beacon Rock Associates, Inc., Fleet National Bank, Riggs National Bank of Washington, D.C., Williams and Manchester Yacht Builders, Inc., Nagle Group, d/b/a Newport Hardware, Alex J. Ettl, d/b/a Ettl Form and Sculpture Housing Casting, Inc., Bingham, Dana & Gould, Gary Clark, in his capacity as R.I. Tax Administrator, R.I. Department of Environmental Management, DeWeldon, Ltd., Defendants.

Civ. A. No. 93–0357L.

United States District Court, D. Rhode Island.

Aug. 16, 1994.

Keven A. McKenna and Bruce E. Hodge, Providence, RI, for plaintiffs.

Brian J. Spero and Patricia Antonelli, Partridge, Snow & Hahn, Providence, RI, for F.D.I.C. and Recoll Management.

Thomas S. Hemmendinger, Salter McGowan Swartz & Holden, Providence, RI, for Fleet Nat. Bank and Riggs Nat. Bank.

Edward B. Corcoran, Corcoran, Peckham & Hayes, Newport, RI, for Williams and Manchester Yacht Builders.

Alexander G. Walsh, Newport, RI, for Nagle Group.

John A. Langlois and Mark Siegars, Dept. of Environmental Management, Office of Legal Services, Providence, RI, for R.I. Dept. of Environmental Management.

## MEMORANDUM AND ORDER

LAGUEUX, Chief Judge.

This matter is before the Court on plaintiffs' motion to remand the matter to the Superior Court for Newport County. For the reasons stated below, the motion is denied.

## BACKGROUND

This case involves a parcel of real property with a mansion thereon, known as "Beacon Rock", located at 145 Harrison Avenue in Newport, R.I. and most recently owned by Felix DeWeldon, a well known sculptor. According to the information supplied by the parties, that property is subject to at least nine mortgages, two executions, one judgment, one prejudgment attachment, and a Rhode Island Department of Environmental Management administrative lien. The first mortgage had been held by the Bank of New England.[1] Following the Bank's receivership in 1991, the FDIC became the holder of the first mortgage as well as several inferior mortgages on the property.

On July 12, 1991, FDIC appointed RECOLL Management Corporation ("RECOLL") as its attorney-in-fact to act on behalf of FDIC in its capacity as receiver of Bank of New England. Pursuant to the power of attorney, FDIC authorized RECOLL to service mortgage loans, undertake

---

[1] The first mortgage was originally held by Newport National Bank. The mortgage's chain of ownership is of no relevance to the instant motion.

collection efforts with respect to such indebtedness, and institute foreclosure proceedings with respect to mortgages that were in default.

On June 8, 1993, pursuant to the power of sale contained in the first mortgage of the Beacon Rock property, and as a result of a breach of certain conditions contained in the mortgage, FDIC conducted a foreclosure sale of Beacon Rock through RECOLL. The highest bidder at the sale was plaintiff Carlo A. Cioffi with a bid of $2.4 million. He made a deposit of $100,000. In accordance with the purchase and sale agreement, the balance was to be paid by June 29, 1993. Cioffi claims that he was unable to acquire financing for the property due to potential title defects caused by an improper foreclosure. Specifically, he alleges that FDIC and RECOLL failed to give the required notice to all lien holders. To cure this perceived defect, plaintiffs filed suit to quiet title pursuant to the provisions of R.I.G.L. Title 34, Chapter 16 on June 28, 1993 in the Superior Court for Newport County. On July 2, 1993, FDIC filed a notice of removal to the United States District Court for the District of Rhode Island pursuant to 12 U.S.C. § 1819(b)(2)(B). On September 23, 1993, plaintiffs moved to have this case remanded back to the Superior Court for Newport County. The matter was argued before the Court on October 19, 1993. It is now in order for decision.

### ABSTENTION AND FIRREA

Plaintiffs' argument for remand is grounded in what has been called the abstention doctrine. It is not a single doctrine, however, because it encompasses at least five distinct legal theories. Plaintiff has raised several issues of abstention in this case and the Court will examine each in turn. But, first, the Court must determine whether any abstention doctrine is applicable to a case removed under the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), Pub.L. No. 101–73, 103 Stat 183 (1989) (codified into 12 U.S.C.).

12 U.S.C. § 1819(b)(2)(A) states: "Except as provided in subparagraph (D), all suits of a civil nature at common law or in equity to which the Corporation, in any capacity, is a party shall be deemed to arise under the laws of the United States." Section 1819(b)(2)(B) goes on: "Except as provided in subparagraph (D), the Corporation may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court." The exception contained in subparagraph (D) is not applicable to the present factual situation. It is clear from the language of the statute that Congress intended to give FDIC the option of having its cases heard in a federal forum whether it is plaintiff or defendant. In *Piekarski v. Home Owners Sav. Bank,* 743 F.Supp. 38, 42 (D.D.C.1990), the District Court for the District of Columbia concluded that the Resolution Trust Corporation [2] had the absolute right to remove to federal court. It further ruled that it could not remand a case properly removed to it for discretionary reasons not authorized by the controlling statute. In *Kirkbride v. Continental Casualty Co.,* 933 F.2d 729, 733 (9th Cir.1991), the Ninth Circuit approved the analysis in *Piekarski* and stated that it could conclude that abstention was barred under FIRREA. The Court noted, however, that even if it could abstain under FIRREA, the factual underpinning of the case did not meet any of the requirements for abstention.

■ The notion that a district court does not have the power to abstain from a case properly removed under FIRREA is supported by the statute taken as a whole. An examination reveals that in enacting FIRREA Congress intended to make FDIC the proverbial "500 pound Gorilla." *See Telematics Int'l, Inc. v. NEMLC Leasing Corp.,* 967 F.2d 703, 705 (1st Cir.1992) (noting FDIC's broad powers). For example, the statute requires administrative review as a prelude to jurisdiction over claims against FDIC. 12 U.S.C. § 1821(d). It also drastically inhibits the authority of a court to exercise its equitable power against FDIC. 12 U.S.C. § 1821(j). In light of the broad powers given to FDIC through FIRREA and its provisions in section 1819, this Court concludes that it does not have the power to

---

**2.** RTC has the same powers as FDIC through the   operation of 12 U.S.C. § 1441a(b)(4).

exercise abstention. Like the Ninth Circuit, however, this Court need not base its ruling on this analysis alone because plaintiffs have failed to show that any of the abstention doctrines could be applied in this case. *See Kirkbride*, 933 F.2d at 733.

### ABSTENTION DOCTRINES

■ The first of the abstention doctrines is the *Pullman* doctrine. It is derived from the United States Supreme Court's decision in *Railroad Comm'n v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). The doctrine requires that "when a federal constitutional claim is premised on an unsettled question of state law, the federal court should stay its hand in order to provide the state courts an opportunity to settle the underlying state-law question and thus avoid the possibility of unnecessarily deciding a constitutional question." *Harris County Comm'rs Court v. Moore*, 420 U.S. 77, 83, 95 S.Ct. 870, 875, 43 L.Ed.2d 32 (1975); *see generally* Laurence H. Tribe, *American Constitutional Law* § 3–29 (1988). It is clear that on the facts in this case, the *Pullman* doctrine is inapplicable since no federal constitutional issues have been presented.

■ The second of the abstention doctrines has been termed *Burford* abstention after the Supreme Court's decision in *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). The doctrine holds that, "Abstention is also appropriate where there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 814, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976). Better put, *Burford* abstention is appropriate where "[a] state has a unified scheme for review of its administrative orders and federal intervention . . . would have a disruptive effect on the state's effort to establish a coherent policy on a matter of substantial public concern." 17A Wright, Miller & Cooper, *Federal Practice and Procedure* § 4244 at 86. Although the State of Rhode Island has a substantial interest in

establishing uniform property laws, the issue in this case is simply determining whether the auction of Beacon Rock was conducted appropriately. There are no difficult questions which are subject to a complex state regulatory scheme similar to the oil and gas laws of the state of Texas in *Burford*. Thus the Court determines that it cannot abstain based on the *Burford* doctrine.

■ The scope of the third type of abstention is unclear: whether a federal court must abstain to avoid deciding a difficult question of state law. The Supreme Court has recognized this concept in the bankruptcy context. *Thompson v. Magnolia Petroleum Co.*, 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1940). In a later case, however, the Court stated, "the difficulties of ascertaining what the state courts may hereafter determine the state law to be do not in themselves afford a sufficient ground for a federal court to decline to exercise its jurisdiction to decide a case which is properly brought to it for decision." *Meredith v. City of Winter Haven*, 320 U.S. 228, 234, 64 S.Ct. 7, 11, 88 L.Ed. 9 (1943). Certification to the state supreme court seems to be met more positively. *See* Charles A. Wright, *Law of Federal Courts* § 52 at 313–14 (1983). The Court need not tarry over the extent of this particular abstention doctrine. Even assuming that the rule laid down in *Thompson* were operative, it would not apply to the instant case, because there are no difficult questions of state law involved in this litigation. Even if a crucial undecided question of state law were to arise, this Court could certify such a question to the Rhode Island Supreme Court. Accordingly, the Court will not abstain on that ground.

■ The fourth abstention doctrine is known as the *Younger*[3] doctrine. It holds that a court should abstain where federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings where there is no bad faith, harassment, or a patently invalid state statute. *Colorado River*, 424 U.S. at 816, 96 S.Ct. at 1245–46. Despite plaintiffs' assertions, this form of abstention is clearly inapplicable to the pres-

3. *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27     L.Ed.2d 669 (1971).

ent case as no criminal proceedings are involved.

The final abstention doctrine was defined by the Supreme Court in *Colorado River*. By its terms, in exceptional circumstances, abstention is appropriate where there is a similar action pending in a state court in which the controversy between the parties could be resolved. *Colorado River*, 424 U.S. at 818, 96 S.Ct. at 1246–47; *see* 17A Wright, Miller & Cooper § 4247. Because this controversy was removed from the state court, there are no concurrent proceedings. Thus, there will not be any duplicitous proceedings which would waste precious judicial resources. Consequently, the Court can not remand based on *Colorado River* or any other abstention doctrine.

## CONCLUSION

Plaintiffs have failed to show that any of the various abstention doctrines are applicable in this case. Accordingly, a remand is not appropriate. Plaintiffs' motion to remand to the Superior Court for Newport County hereby is denied.

It is so ordered.