**OREGON EGG PRODUCERS, Plaintiff-Appellee,**

v.

**Darroll L. ANDREW, d/b/a Andrew Egg Ranch, Defendant-Appellant.**

**No. 26808.**

United States Court of Appeals, Ninth Circuit.

March 21, 1972.

David F. Berger (argued), William L. Dwyer, of Culp, Dwyer, Guterson & Grader, Seattle, Wash., Bernard E. Newby, Vancouver, Wash., for defendant-appellant.

Paul R. Duden (argued), Stephen R. Frank, of Tooze, Powers, Kerr, Tooze & Peterson, Portland, Ore., Read & Church, Vancouver, Wash., for plaintiff-appellee.

Before DUNIWAY, HUFSTEDLER, and CHOY, Circuit Judges.

PER CURIAM:

This is an interlocutory appeal testing the validity of an order granting Oregon Egg Producers' ("Producers") petition to remove its action from a state court to a federal district court in Washington. Producers initiated the suit by filing a complaint against Andrew to recover upon an account stated. Andrew counterclaimed for damages alleged to have been sustained by reason of Producers' discriminatory pricing of eggs. Producers thereupon sought removal to the federal court on the theory that Andrew's counterclaim raised a federal question. The cause was removed, and Andrew appealed. While the appeal was pending, Andrew filed an antitrust suit against Producers in the district court.

We assume that Producers correctly asserts that its action could have been initiated in the federal court invoking diversity jurisdiction, and we further assume, *arguendo*, that Andrew could have removed the action to the federal court because Andrew's counterclaim stated a claim within federal jurisdiction. Neither assumption aids Producers. A plaintiff who commences his action in a state court cannot effectuate removal to a federal court even if he could have originated the action in a federal court and even if a counterclaim is thereafter filed that states a claim cognizable in a federal court. (28 U.S. C. § 1441; Shamrock Oil & Gas Corp. v. Sheets (1941) 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214.)

Producers alternatively argues that we should remand the present case to the district court, ordering its consolidation with the pending antitrust case pursuant to Rule 42 of the Federal Rules of Civil Procedure. Rule 42 applies to cases that are properly before the same court. Because this case is not properly before the district court in Washington, Rule 42 cannot be invoked.

The order is reversed, and the cause is remanded to the district court with directions to remand the case to the state court.