28 F.3d 105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gene BRUE, Plaintiff-Appellant,
v.
STATE OF MONTANA; Montana County Park; et al., Defendants-Appellees.
 No. 93-35355.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1994.*
Decided June 21, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gene Brue appeals pro se the district court's denial of a request for injunctive relief, a motion to intervene, and a motion to remove a state court action. Brue also appeals the dismissal of his action. In his 42 U.S.C. Sec. 1983 action, Brue sought to prevent the defendants from enforcing a state court judgment. We dismiss in part and affirm in part.
 
 
 3
 Brue filed his 42 U.S.C. Sec. 1983 action alleging that his civil rights were violated in proceedings in the Montana state court system. Brue operated a junk yard and auto wrecking yard in violation of local zoning ordinances. Brue was repeatedly warned, but failed to correct the violation. A criminal complaint was filed against Brue, but he never paid the fine or corrected the violation. County officials removed all items from Brue's land which were in violation of zoning ordinances. A Montana state court judge permanently enjoined Brue from operating a junk yard or salvage operation on his land. Brue did not appeal. Instead, Brue filed a section 1983 action against several county and state defendants.
 
 
 4
 On 17 March 1993, the district court denied Brue's request for injunctive relief enjoining the defendants "from taking any action against ... Brue or his property throughout the adjudication of this action throughout the separate courts as required by law." On 6 April 1993, the district court granted summary judgment in favor of the defendants on all claims. Therefore, Brue's appeal of the denial of injunctive relief is moot. See Mount Graham Red Squirrel v. Madigan, 954 F.2d 1441, 1450 (9th Cir.1992) (stating that when underlying claims have been decided the reversal of denial of preliminary injunction would have no practical consequences and the issue is therefore moot). Accordingly, we dismiss Brue's appeal of the denial of injunctive relief as moot. See Sample v. Johnson, 771 F.2d 1335, 1338 (9th Cir.1985) (holding that federal courts lack jurisdiction to decide moot issues), cert. denied, 475 U.S. 1019 (1986).
 
 
 5
 To the extent that Brue appeals the district court's denial of Eldon Huffine's motion to intervene in this action, we conclude that Brue lacks standing to challenge the denial. See In re Cinematronics, 916 F.2d 1444, 1448 (9th Cir.1990) (stating that a party may only appeal to protect its own interests). Therefore, because Brue lacks standing to appeal of the district court's denial of Huffine's motion to intervene, we dismiss the appeal of this claim for lack of jurisdiction. See id.
 
 
 6
 To the extent that Brue appeals the district court's denial of his motion to remove a proceeding he initiated in state court to federal court, we conclude that the district court properly denied his motion. The right to remove a state court case to federal courts is clearly limited to defendants. American Int'l Underwriters (Philippines), Inc. v. Continental Ins. Co., 843 F.2d 1253, 1260 (9th Cir.1988). As the party who initiated the state court case, Brue could not remove the case to federal court. See id. Therefore, the district court properly denied Brue's motion to remove the state court case to federal court. See id.
 
 
 7
 To the extent that Brue appeals the entry of summary judgment in favor of the defendants, we conclude that we lack jurisdiction to decide this issue.
 
 
 8
 Federal Rule of Appellate Procedure 4(a)(1) provides that in a civil case, the notice of appeal shall be filed within thirty days of the entry of judgment or order appealed from. "This 30-day time limit is 'mandatory and jurisdictional.' " Browder v. Director, Ill. Dep't of Corrections, 434 U.S. 257, 264 (1977) (citation omitted).
 
 
 9
 Here, the district court granted summary judgment in favor of the defendants and entered the final judgment on 6 April 1993. On 6 April 1993, Brue filed an appeal from interlocutory orders. On 14 July 1993, Brue filed a notice of appeal in which he indicated his intention to appeal "all actions, orders, and decisions" of the district court. Thus, Brue did not file a notice of appeal of the district court's final judgment within thirty days. Therefore, we lack jurisdiction to decide the issue and dismiss the appeal.[1] See id. Because we dismiss Brue's appeal of the entry of summary judgment for lack of jurisdiction, we deny all pending motions in this court.
 
 
 10
 We DISMISS Brue's appeal of the district court's denial of injunctive relief as moot. We DISMISS Brue's appeal of the district court's denial of Huffine's motion to intervene for lack of standing. We AFFIRM the district court's denial of Brue's motion to remove his state court case to federal court. We DISMISS Brue's appeal of the entry of summary judgment in favor of the defendants for lack of jurisdiction. All pending motions are DENIED.
 
 
 11
 DISMISSED IN PART AND AFFIRMED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Brue's request for oral argument and motion for an initial hearing en banc are denied. Furthermore, Brue's motion to expedite calendaring, oral argument, and the decision of this court is denied as moot
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent that Brue argues that his 6 April 1993, notice of appeal is sufficient to cover the entry of final judgment, we disagree. Federal Rule of Appellate Procedure 4(a)(2) "permits a notice of appeal from a nonfinal decision to operate as a notice of appeal from the final judgment only when a district court announces a decision that would be appealable if immediately followed by the entry of judgment." FirsTier Mortgage Co. v. Investors Mortgage Ins. Co., 498 U.S. 269, 276 (1991). However, Rule 4(a)(2) does not permit a notice of appeal from an interlocutory decision to serve as a notice of appeal from the subsequent final judgment. Id. Because Brue's 6 April 1993 notice of appeal covered clearly interlocutory decisions, it cannot serve as a notice of appeal of the district court's final judgment. See id