LISA, S.A., Plaintiff,

v.

Dionisio Gutierrez MAYORGA, et al., Defendants.

No. 02–21931–CIV.

United States District Court, S.D. Florida. Miami Division.

Oct. 15, 2002.

Jose I. Astigarraga, Edward H. Davis, Jr., Edward M. Mullins, Daniella Friedman, Astigarraga, Davis, Mullins & Grossman, P.A., Miami, Fl, for Defendants.

Juan J. Rodriguez, Rodriguez & Machado, P.A., Coral Cables, Fl, for Plaintiff.

## ORDER STAYING PROCEEDINGS

K. MICHAEL MOORE, District Judge.

**THIS CAUSE** came before the Court upon Defendant's Motion for Stay of Proceedings (**DE # 274**). A response and a reply have been filed.

The Defendants seek a stay of the instant action pending the conclusion of a parallel action initiated by the Plaintiff, Lisa, S.A. ("Lisa") and currently pending in Florida state court in Miami–Dade County, Florida. Defendants argue that a stay is warranted both in the interests of judicial economy and under the *Colorado River* Doctrine. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). The Plaintiff argues that application of the *Colorado River* Doctrine is a narrow exception to the duty of the District Court to adjudicate a controversy and that in any case, the factors in *Colorado River* weigh against the granting of a stay. Plaintiff has failed to respond to Defendants' arguments regarding judicial economy.

### Judicial Economy:

"The power to stay proceeding is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936); *See Clinton v. Jones*, 520 U.S. 681, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997) (discussing district court's "broad discretion to stay proceedings as an incident to its power to control its own docket"). The Eleventh Circuit has also recognized that a variety of factors may be considered when staying a case in favor of a related case in another court including issues of docket control and principles of abstention. *Ortega Trujillo v. Conover & Co. Communications, Inc.*, 221 F.3d 1262, 1264 (11th Cir.2000). The Eleventh Circuit, however, has cautioned that a stay must not be "immoderate". *Id.* quoting *CTI–Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284,

1288 (11th Cir.1982). The scope of the stay and its potential duration are the important factors when determining whether the stay is immoderate. *Hines v. D'Artois*, 531 F.2d 726, 733 (5th Cir.1976). Accordingly, this Court must determine whether as a matter of law, a stay of proceedings is justified in this case and, if so, whether such a stay could be granted in accordance with the edicts of the Eleventh Circuit. The Court finds that in the interests of judicial economy and efficiency, a stay of proceedings is warranted.

■ In the instant action, Defendants contend that the Plaintiff filed claims against common defendants based on the same factual predicate against common properties in both the state and federal action. The action in the state court has been pending since February 1999, over three and a half years. Threshold issues including *forum non conveniens*, failure to state a claim, and issues of personal and subject matter jurisdiction all remain before the state court. The resolution of these issues may resolve or moot issues currently before this Court. Stay relief has been found to be appropriate whether or not "the issues in such proceedings are necessarily controlling of the action before the court." *Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir.1983). A stay seems especially appropriate in the instant action, however, due to the interrelatedness of the issues, the dispositive nature of the motions in state court and the commonality in both parties and factual predicate. The state court, having familiarized itself with the facts, issues and parties in this case for the past three and a half years, is the appropriate arbiter of these questions. Accordingly, a stay pending resolution of

the threshold matters before the state court is justified and properly limited to the determination of those issues which would effect the instant action thereby eliminating the need for duplicative litigation.

### The Colorado River Doctrine:

Although, as previously discussed, it is within the discretion of the Court to stay proceedings in accordance with principles of judicial economy, this Court finds that the evaluation of this action under the *Colorado River* Doctrine is equally persuasive in justifying a stay of the instant action.[1]

■ In order to proceed under the *Colorado River* Doctrine, the action looking to be stayed and the related action must parallel. *Colorado River* at 819–820, 96 S.Ct. 1236. Exact parallelism between the two actions, however, is not required; merely the existence of substantially the same parties litigating substantially the same issues in different fora must be present. *Bosdorf v. Beach*, 79 F. Supp 2d 1337, 1344 n. 13 (S.D.Fla.1999). The two actions are strikingly similar in their central allegations and have a common central nexus of defendants. Most additional defendants present in the federal action not included in the state action are by plaintiff's own admission, shell company defendants and family members or employees of the original state defendants. Additionally, substantially the same remedies are sought in both the state and federal action since both complaints seek *in rem* relief pursuant to the recovery of fraudulently transferred property. Finally the Plaintiff voluntarily dismissed some of its original state actions claims on the same day as filing its complaint in the instant action. When a federal

---

1. *Landis v. North American Co.*, 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936); *See Clinton v. Jones*, 520 U.S. 681, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997) (discussing district court's "broad discretion to stay proceedings as an incident to its power to control its own docket").

plaintiff dismisses cross-claims in state court on the same day it files a federal action asserting those claims, abstention has been found to be appropriate in favor of the original state action. *Nakash v. Marciano,* 882 F.2d 1411 (9th Cir.1989).

 Once the actions are determined to be parallel, a court must weigh the factors for deciding abstention.[2] The first step is determining whether the state court has assumed jurisdiction over the same property being sought for relief in the federal action. The Complaint in the instant action clearly seeks to "declare void" the transfer of funds which are already subject to an injunction issued by the state court. This would put at issue the same *res* being adjudicated in the state court and the federal court thereby making a stay appropriate.

Secondly, this Court must weigh the relative convenience of the state and federal forums. The distinction between the two forums is slight. There are procedural benefits relating to service of process in federal court versus state court, however, such benefits do not strongly tip the balance against abstention in the instant action.

Thirdly, is the consideration of avoiding piecemeal litigation. This Court has been asked by the Plaintiff to consider many of the same threshold issues as the state court has been asked to consider. As previously discussed, similar motions are pending in both courts such as motions to dismiss for lack of personal and subject matter jurisdiction, and insufficient service of process. Therefore, the avoidance of piecemeal litigation weighs in favor of a stay.

Fourthly, this Court must determine the order in which the state and federal forum obtained jurisdiction. Here there is no dispute that the state action has been pending since February, 1999 while this action was filed in July, 2002. Clearly the state court obtained jurisdiction prior to the federal court obtaining jurisdiction and the amount of litigation that has occurred in the state action to date speaks in favor of a stay.

Fifthly, is whether state or federal law will be applied. Similar to the issue of venue, the issue of applicable law is neutral. State and federal claims have been alleged in both the state action and the federal action. Courts have held that a filing of federal law claims in a state action neutralizes this factor. *LaDuke v. Burlington Northern R. Co.,* 879 F.2d 1556 (7th Cir.1989).

Finally, this Court must decide the adequacy of the state forum to protect the parties' rights. It is undisputed that the Plaintiff sought the state court as the initial forum despite the presence of federal claims in its initial complaint. Once again, it is noted that there are benefits to the federal court rules as they relate to issues such as service of process. The state court rules, however, in no way deprive the Plaintiff of protection of its rights in the state action. In fact, when a Plaintiff has ceased a state court action after two and a half years in favor of filing in federal court because of the benefit conferred by using the federal evidence rules as opposed to state rules of evidence, courts have considered such behavior to be demonstrative of "forum shopping". *American International Underwriters v. Continental Insurance Co.,* 843 F.2d 1253, 1259 (9th Cir. 1988).

In the interest of judicial economy and under the determinative factors of the *Colorado River* Doctrine, the Court finds that

---

**2.** *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

the instant action should be stayed pending the outcome of the threshold motions before the state court.

**THE COURT** has considered the Motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ORDERED AND ADJUDGED** that the said Motion be, and the same is hereby **GRANTED.** The above-styled proceeding shall be stayed pending resolution of Case No. 99–03519 CA 21 in the Eleventh Judicial Circuit in and for Miami–Dade County, Florida. The parties **shall** submit quarterly status reports with this Court informing of the progress of the state action. In addition, the parties **shall** notify this Court immediately upon the disposition of the state action and any dispositive motions therein. Failure to do so **shall** result in dismissal of the instant action without further Order of this Court.

It is **FURTHER ORDERED** that all pending motions are **DENIED** without prejudice. The clerk of the court is directed to mark this case as **CLOSED** for administrative purposes.