**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 7, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BERNICE ALEXANDER,

    Plaintiff-Appellant,

v.

TULSA PUBLIC SCHOOLS,

    Defendant-Appellee.

No. 04-5153
(D.C. No. CV-04-661-EA(C))
(N. D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **McKAY** and **HENRY**, Circuit Judges.

---

Plaintiff-Appellant Bernice Alexander, proceeding pro se, appeals[1] the district court's decision denying Alexander's attempt to remove her state-court action to federal court. (R. doc. 4.) Although ordinarily "[a]n order remanding a

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]    The district court granted Alexander's motion to proceed on appeal in forma pauperis. (Aple's App. at 2, District ct. docket sheet no. 8.) See 28 U.S.C. § 1915(a)(1).

case to the state court from which it was removed is not reviewable on appeal or otherwise," this court has jurisdiction to review this remand order because Alexander appears to have sought to remove her state-court action under 28 U.S.C. § 1443.[2] 28 U.S.C. § 1447(d); see also First Union Mortgage Corp. v. Smith, 229 F.3d 992, 994 (10th Cir. 2000). "We review de novo a district court's determination of the propriety of removal." Martin v. Franklin Capital Corp., 251 F.3d 1284, 1289 (10th Cir. 2001).

The district court correctly determined that Alexander cannot remove her own state-court action to federal court.[3] See Hamilton v. Aetna Life and Cas. Co., 5 F.3d 642, 643, 644 (2d Cir. 1993); Ballard's Serv. Ctr., Inc. v. Transue, 865 F.2d 447, 449 (1st Cir. 1989); Oregon Egg Producers v. Andrew, 458 F.2d 382, 383 (9th Cir. 1972). See generally Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 103, 104-07 (1941) (addressing earlier removal statute, discussing history of removal, and concluding earlier removal statute permitted only

---

[2]     We do not know for certain if Alexander specifically relied upon § 1443 to remove her state-court action.  However, the district court specifically mentioned § 1443 in denying removal, and we shall, therefore, simply assume that Alexander sought to invoke § 1443 in her removal petition.

[3]     Because we affirm on this ground, we do not consider the district court's alternative ground for denying removal – that Alexander failed to get the district court's permission to file these pleadings in federal court, as may be required by an earlier federal court order.  (R. doc. 4.)

defendants to remove state actions to federal courts).  We, therefore, AFFIRM the district court's decision to deny removal.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge