
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CENTURY SURETY COMPANY, an Ohio corporation, <br><br>     Plaintiff - Appellee, <br><br>  v. <br><br> JAMES P. SPURGETIS, as Guardian for and of the Estate of Gary Dvojack, and Sarah Dvojack, <br><br>     Defendant - Appellant. | No. 13-35302 <br><br> D.C. No. 3:12-cv-05731-RBL <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted December 9, 2014[**]
Seattle, Washington

Before: HAWKINS, McKEOWN, and TALLMAN, Circuit Judges.

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

James Spurgetis, as Guardian for the estate of Gary Dvojack ("Dvojack"), appeals the district court's summary judgment grant in favor of Century Surety Company ("Century") in this insurance coverage dispute. We affirm.

The district court did not err by concluding that Century's assault and battery $250,000 policy limit applied rather than the general $1 million bodily injury coverage. Dvojack's state court complaint alleges an assault and battery by Abbott, and the plain language of the general liability policy excludes coverage for any injury arising out of or resulting from any "actual, threatened or alleged assault or battery" anywhere in the chain of events, including any negligent employment, supervision or training of any person in connection with such actual, threatened or alleged assault and battery. Coverage could exist for Dvojack's claim, if at all, only under the $250,000 limited buyback endorsement.

Nor is Dvojack entitled to coverage by estoppel because Century acted in bad faith and used extrinsic evidence to deny its duty to defend. This is a coverage case, not a duty to defend case. Century properly agreed to defend the lawsuit under a reservation of rights, made a settlement offer based on what it reasonably believed to be the applicable policy limit, and then sought a declaratory judgment to determine the actual policy limit. *Cf. Truck Ins. Exch. v. Vanport Homes, Inc.,* 147 Wash. 2d 751, 761 (2002).

Although the court did not explain its reasoning for denying Dvojack's request for abstention, a remand is not automatically required because declaratory relief is not the only type of relief sought. The insured's counterclaim seeks damages for bad faith and violation of the consumer protection act, and in such instances the district court should not decline to entertain the claim for declaratory relief. *See Scotts Co. v. Seeds, Inc.*, 688 F.3d 1154, 1158-59 (9th Cir. 2012).[1] To the extent Dvojack challenges the merits of the court's decision to deny the request, the court did not abuse its discretion. *See Vasquez v. Rackauckas*, 734 F.3d 1025, 1040-41 (9th Cir. 2013); *Am. Intern. Underwriters v. Cont'l Ins. Co.*, 843 F.2d 1253, 1257 (9th Cir. 1988).

Dvojack also attempts to challenge the district court's removal jurisdiction and seek remand in a separate lawsuit that is not part of this appeal (No. C13-5362-RBL). As this issue is not properly before us, we lack jurisdiction to address Dvojack's claims in this regard.

**AFFIRMED.**

---

[1] For the same reason, abstention should be evaluated under the *Colorado River* doctrine rather than *Brillhart*. *Scotts*, 688 F.3d at 1159.