**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**March 8, 2023**

_____

**Christopher M. Wolpert**
**Clerk of Court**

STATE OF KANSAS,

    Plaintiff - Appellee,

v.

CRAIG IVAN GILBERT,

    Defendant - Appellant.

-------------------------------------------

CRAIG IVAN GILBERT,

    Plaintiff - Appellant,

v.

STATE OF KANSAS; COUNTY OF
FORD; CITY OF DODGE CITY,
KANSAS; ROGER SOLDAN;
JOHN/JANE DOES,

    Defendants - Appellees.

Nos. 22-3213 & 22-3230
(D.C. Nos. 5:22-CV-03214-JWL-JPO &
5:22-CV-03216-JWL-JPO)
(D. Kan.)

Nos. 22-3229 & 22-3249
(D.C. No. 5:22-CV-03217-JWL-JPO &
5:22-CV-03265-JWL-JPO)
(D. Kan.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **MATHESON**, **BRISCOE**, and **EID**, Circuit Judges.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of these appeals.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  These cases are therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

_____

Appellant Craig Ivan Gilbert, a Kansas state prisoner appearing pro se, appeals the dismissal of four cases that he attempted to remove from Kansas state courts to federal district court.  Two of the appeals, No. 22-3213 and No. 22-3230, involve Gilbert's attempts to remove closed criminal cases.  The other two appeals, No. 22-3229 and No. 22-3249, involve Gilbert's attempts to remove closed state habeas cases that he filed.  Exercising jurisdiction over these appeals pursuant to 28 U.S.C. § 1291, we affirm the decisions of the district court.

I

*Appeal Nos. 22-3213 and 22-3230*

Appeal No. 22-3213 arose out of a case that Gilbert initiated on September 27, 2022.  Gilbert did so by filing in the United States District Court for the District of Kansas a pro se pleading that he labeled a "Notice of Removal."  ROA at 3.  The pleading purported to be removing a closed, but unspecified, 1999 criminal case from Ellsworth County, Kansas.  The pleading also purported to pose what Gilbert described as a "federal question," i.e., "whether a closed 1999 case can be removed to [United States District Court] when obstructive barriers prevented" the United States District Court for the District of Kansas, in a 2003 federal habeas action, from "review[ing] [his 1999 Kansas state] conviction and term of involuntary servitude." *Id*. (capitalization omitted).

Appeal No. 22-3230 likewise arose out of a case that Gilbert initiated on September 27, 2022, by filing a pleading titled "Notice of Removal."  ROA at 3.

2

That pleading purported to be removing a closed, but unspecified, 1995 criminal case from Ford County, Kansas. Gilbert posed a similar "federal question" in his pleading, i.e., "[w]hether a closed 1995 case, 1998 conviction date imposed 2003 can be removed to" federal court. *Id*. (capitalization omitted).

The district court dismissed both cases on September 29, 2022. The district court noted that 28 U.S.C. § 1443 authorizes a state criminal defendant, in very limited circumstances, to remove his or her case to federal district court. The district court concluded, however, that both of Gilbert's cases failed to satisfy the substantive and procedural requirements for removal pursuant to § 1443. Although the district court noted that an order for summary remand is typically the proper course of action when a state criminal case has been improperly removed to federal court, *see* 28 U.S.C. § 1455(b)(4), it concluded that dismissal was the proper course of action in both of these cases because there was no court to which they could be remanded. The district court entered final judgment in both cases on September 29, 2022.

Gilbert moved for reconsideration in both cases, but the district court denied those motions as meritless. Gilbert filed a timely notice of appeal in each case, and has since filed an opening appellate brief in each case.

After reviewing Gilbert's appellate briefs and the record on appeal in both cases, we conclude that the district court did not err in dismissing these cases. *See Bd. of Cty. Comm'rs of Boulder Cty. v. Suncor Energy (U.S.A.) Inc.*, 25 F.4th 1238, 1250 (10th Cir. 2022) (applying de novo standard of review to district court's ruling on the propriety of removal). As the district court correctly noted, 28 U.S.C. § 1455

3

outlines the "Procedure for removal of criminal prosecutions" from state court and provides, in pertinent part, that "[a] notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State Court, or at any time before trial, whichever is earlier." 28 U.S.C. § 1455(b)(1). The statute further provides, in relevant part, that "[a] notice of removal of a criminal prosecution shall include all grounds for such removal," and that "[a] failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds." *Id*. § 1455(b)(2). To be sure, the statute affords a federal district court with authority, in the event of "good cause shown," to effectively modify these requirements. *Id*. § 1455(b)(1), (2). Here, however, Gilbert's notices of removal were both untimely under § 1455(b)(1), failed to offer any grounds for removal as required by § 1455(b)(2), and also offered no basis upon which the district court could conclude that good cause had been shown to modify the statutory requirements. Further, because the criminal cases that Gilbert attempted to remove from state court were closed, the district court correctly concluded that it had no choice but to dismiss the cases.

*Appeal Nos. 22-3229 and 22-3249*

Like the first two appeals, Appeal No. 22-3229 arose out of a case that Gilbert initiated on September 27, 2022, by filing in the United States District Court for the District of Kansas a pro se pleading that he labeled a "Notice of Removal." ROA at 3. The pleading purported to be removing a closed, but unspecified, state habeas case that Gilbert filed in 2003 in Ford County, Kansas, and that he subsequently

appealed to the Kansas Court of Appeals.  The notice of removal posed what Gilbert described as a "federal question," i.e., "whether a closed 2004 Judicial Opinion & Conviction case can be removed to [United States District Court] when obstructive barriers Denied Right to Review Court Appointed Appellate Counsel After Docketing Brief."  *Id*. (quotation marks omitted).

Appeal No. 22-3249 arose out of a case that Gilbert initiated on October 19, 2022, by filing a pleading titled "Notice of Removal."  ROA at 3.  The pleading stated that Gilbert was removing a "Closed Writ of Habeas Corpus Case" that he filed in 2021 in the Saline County (Kansas) District Court.  *Id*.  The pleading further stated that the state habeas case concerned "conditions of confinement."  *Id*.

The district court dismissed both cases for two reasons.  First, the district court noted that 28 U.S.C. § 1441 authorizes a defendant in a civil action brought in state court to remove the case to federal district court, but does not provide for removal by a plaintiff.  Second, the district court noted that Gilbert failed to provide any authority for removing a closed case.

Gilbert timely appealed both dismissal orders[1] and has since filed opening appellate briefs in both appeals.

After reviewing Gilbert's appellate briefs and the records on appeal, we conclude that the district court did not err in dismissing these cases.  As the district

---

[1] In Appeal No. 22-3229, Gilbert filed a motion to reconsider and for appointment of a special prosecutor.  The motion, however, was nonsensical and did not address either of the grounds stated by the district court for dismissing the case.  The district court summarily denied the motion.

court correctly noted in dismissing the cases, "[t]he right to remove a state court case to federal court is clearly limited to defendants." *Am. Int'l Underwriters (Philippines), Inc. v. Continental Ins. Co.*, 843 F.2d 1253, 1260 (9th Cir. 1988). Specifically, 28 U.S.C. § 1441(a) states that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by *the defendant or the defendants*, to the district court of the United States . . . ." 28 U.S.C. § 1441(a) (emphasis added). Thus, Gilbert lacked statutory authority to remove the cases. Moreover, Gilbert's pleadings indicate that both cases have been closed in the Kansas state courts, and, as the district court noted, there is no federal authority whatsoever for removing a closed case from state court to federal court.

II

We AFFIRM the judgments entered by the district court in Appeal No. 22-3213, Appeal No. 22-3229, Appeal No. 22-3230, and Appeal No. 22-3249. We DENY Gilbert's motions for leave to proceed in forma pauperis.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

6