**NOT FOR PUBLICATION**



**FILED**

NOV 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JACKSON PRYOR GROUP, a California limited liability company,<br><br>               Plaintiff-Appellant,<br><br>  v.<br><br>MANUEL LIMA, as Trustees of the Trust established under Declaration dated January 13, 1994; SUSANNE LIMA, as Trustees of the Trust established under Declaration dated January 13, 1994,<br><br>               Defendants-Appellees. | No.   22-16899<br><br>D.C. No. 5:22-cv-00111-SVK<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Susan G. Van Keulen, Magistrate Judge, Presiding

Submitted November 16, 2023**
San Jose, California

Before: MURGUIA, Chief Judge, and PAEZ and FRIEDLAND, Circuit Judges.

Jackson Pryor Group brings a narrow appeal, challenging the dismissal of its

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     **    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Complaint only to the extent the dismissal was on the merits rather than for lack of jurisdiction. Because there is no error in the district court's dismissal order, we affirm.

As Jackson Pryor Group itself argues, the district court was "crystal clear" that it was declining to exercise jurisdiction. In dismissing under *American International Underwriters (Philippines), Inc. v. Continental Insurance Co.*, 843 F.2d 1253 (9th Cir. 1988), the district court appropriately stated that it was applying "a narrow exception to the [c]ourt's duty to exercise its jurisdiction."

Jackson Pryor argues that the district court should have clarified that this was not a decision on the merits that would bind a state court. But no further clarification from the district court was needed. *See Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1314 (9th Cir. 2022) (explaining that "a federal court's pre-merits determination to withhold relief is binding on other federal courts, but not on courts outside the federal system that might properly exercise their own jurisdiction over the claim"); *see also* Fed. R. Civ. P. 41(b) (stating that a dismissal "for lack of jurisdiction" generally does not "operate[] as an adjudication on the merits").

**AFFIRMED.**